# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1299V
Originally Filed: August 14, 2025
Reissued for Public Availability: September 17, 2025

| | |
|---|---|
| LAQUILA BROWN,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran |

*Laquila Brown*, Bennettsville, SC, pro se petitioner.

*Madylan Louise Yarc*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE

On August 11, 2023, Laquila Brown filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 through 34 (the "Vaccine Act").[1] Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza vaccine on October 24, 2022. ECF No. 1 at 1.

On June 28, 2024, Respondent filed a Rule 4(c) Report contesting entitlement. *See generally* ECF No. 28. On September 30, 2024, Petitioner's counsel filed a motion to withdraw as counsel and a motion for interim attorney's fees and costs. *See* ECF Nos. 27 and 28. The motion to withdraw indicated that Petitioner had been advised of counsel's plans, and that counsel would provide her a copy of the motion to her current address and by email. ECF No. 28 at 1-2.

---

[1] Pursuant to Vaccine Rule 18(b), this decision was initially filed on August 14, 2025, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this decision is reissued in its original form for posting on the court's website.

On February 27, 2025, I issued an Order to Show Cause in this matter, noting that there was strong reason to doubt this claim's viability. ECF No. 30 at 2. Under the Vaccine Act, a petition for compensation must contain "supporting documentation, demonstrating that the person who suffered [a vaccine related injury] . . . suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine." 42 U.S.C. § 300aa-11(c)(1)(D)(i). Furthermore, to make out a Table SIRVA claim, a petitioner must demonstrate onset within 48 hours of vaccination. 42 C.F.R. §§ 100.3(a)(XIV)(B).

Here, however, Petitioner's first medical record containing a complaint of any possible vaccine-related injury was from July 19, 2023 – nearly nine months after vaccination. ECF No. 30 at 1-2. Petitioner had several medical visits between October 24, 2022, and July 19, 2023, but did not mention any shoulder pain. *Id.* Petitioner also had further medical visits and treatment after July 2023 (including after the filing of the Petition), but did not raise the issue of a shoulder injury with any treaters. *Id.* at 2.

Petitioner, through counsel, substantively responded to the Order to Show Cause on March 27, 2025. ECF No. 31. However, in so doing counsel noted that his motion to withdraw was still pending, and that he had conflicts of interest in representing Petitioner, necessitating withdrawal. *Id.* at 1-3, 8.

On May 22, 2025, I issued an order granting Petitioner's counsel's motion to withdraw. ECF No. 33 at 1-2. I also provided Petitioner with a final opportunity to substantiate her claim by filing a supplemental response to the Order to Show Cause and/or any additional supporting material by July 31, 2025. *Id.* at 2. However, I noted that I remained of the view that the claim was not likely tenable. *Id.* I also explained that nothing in Petitioner's response to the Order to Show Cause suggested that my preliminary view was in error. *Id.* The May order stated that failure to respond would be interpreted as either an inability to provide supporting documentation for this claim or as a failure to prosecute and the claim may be dismissed. *Id.* Petitioner did not, however, submit any response or make any other communication following this order.

Petitioner has failed to adequately support her claim. As I previously noted in the February Order to Show Cause, Petitioner received the allegedly-causal vaccine on October 24, 2022, at her primary care provider's ("PCP") office. Ex. 3 at 16. After the vaccination, Petitioner had several medical visits with treaters, but did not seek to address her shoulder pain. For example, she saw her PCP again on March 2, 2023, but made no mention of the immediate pain she now alleges she was experiencing. Ex. 3 at 10, 12. In April 2023, she sought emergency care for chronic back and abdominal pain and again made no mention of shoulder issues. Ex. 8 at 184-247; Ex. 7 at 368-427. She later

2

returned to her PCP on June 8, 2023, for follow-up treatment of her abdominal pain issues – and once again said nothing about shoulder pain. Ex. 3 at 7; Ex. 8 at 184-247; Ex. 7 at 368-427; Ex. 3 at 7.

The first medical record of any complaint of a possible vaccine-related injury was from a July 19, 2023 visit with her PCP – nearly nine months after vaccination. Ex. 3 at 3. On examination, petitioner had full range of motion ("ROM") and strength, with no skin rash or lesion present. Id. at 4. No shoulder diagnoses were included in this record, and no treatment was recommended. Id. at 4-5. Thereafter, Petitioner ceased complaining of her shoulder issues for several months – again, despite the fact that she continued to obtain treatment for other concerns (and thus well could have reported symptoms). Petitioner sought more treatment for abdominal pain toward the end of July, but did mention shoulder pain. Ex. 7 at 434, 438-39. In September 2023, she returned to the emergency room complaining of shortness of breath and an upper respiratory infection, but again made no specific mention of shoulder pain. Ex. 7 at 515-16, 518, 520. And she obtained other (albeit associated with unrelated mental concerns) treatment in 2024, but did not seek treatment for shoulder issues.

Petitioner's March 27, 2025 response to the Show Cause Order relies on her own declaration as proof of the statutory six-month severity requirement and that onset of her injury occurred within 48 hours after vaccination. *See* ECF No. 31 at 3-7. But a petitioner cannot establish the length or ongoing nature of an injury merely through her self-assertion. Rather, the petition must be supported by medical records or by the opinion of a competent physician. *See* 42 § 300aa-13(a)(1).

Petitioner cited *James-Cornelius v. Secretary of Health & Human Services*, 984 F.3d 1374, 1380-81 (Fed. Cir. 2021), for the principle that a lay witness may competently testify to facts within the witness's personal knowledge, such as the timing and severity of symptoms. ECF No. 31 at 7. But *James-Cornelius* only addressed the standard for whether a petitioner had no reasonable basis for bringing her claim in the context of the denial of a motion for attorney's fees. *James-Cornelius*, 984 F.3d at 1379-80. The Federal Circuit did not rule that a petitioner can establish *entitlement* using only her own statement.

In the Order to Show Cause, I specifically warned Petitioner that she might be able to make out a better claim if she could offer some independent circumstantial evidence that she was experiencing shoulder pain in the six months post-vaccination, but would be unlikely to succeed in her claim if she could only offer more personal witness statements from herself. *See* ECF No. 30 at 2-3. Now, after another opportunity to provide any further argument or materials, Petitioner has failed to address this evidentiary deficiency.

3

Petitioner also plead an alternate, off-Table, causation-in-fact SIRVA claim and/or for alleged disfigurement of her arm. *See* ECF No. 1 at 4; ECF No. 31 at 8. Although Petitioner provided two pictures of lesions on her arm in her Petition, such a claim also fails because the only evidence of severity is still Petitioner's own statements.

Accordingly, this case is **DISMISSED**. The Clerk of Court shall enter judgment accordingly.[2] The Clerk of Court shall mail a copy of this order to Petitioner by certified mail at the following address:

Laquila Brown
462 Marshall Street
Bennettsville, SC 29512

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[2] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to 42 U.S.C. § 300aa-21(a) "not later than 90 days after the date of the court's final judgment."

4